## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO. _____ |
| Plaintiff, | |
| v. | |
| AMERICO OMS-RIVERA, DARCY R. PEREZ-RIVERA, THE CONJUGAL PARTNERSHIP BETWEEN THEM, and CORPORATIONS and/or INDIVIDUALS X, Y and Z | CLAIMS OF FRAUD TO THE SOCIAL SECURITY ADMINSTRATION, DISABILITY INSURANCE BENEFITS PROGRAM AND DEPARTMENT OF HUMAN HEALTH SERVICES, MEDICARE PROGRAM, PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §3729, ET SEQ. |
| Defendants. | |

## COMPLAINT

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully alleges and prays as follows:

### I.      INTRODUCTION

1.      The United States, files this action under the False Claims Act, 31 U.S.C. §3729, et seq. ("FCA"), and common law to recover damages and civil monetary penalties from the defendants' false claims to the Social Security Administration, Disability Insurance Program and to the United States Department of Health and Human Services, Medicare Program, made in violation of federal law.

### II.      JURISDICTION AND VENUE

2.      Jurisdiction is proper pursuant to 28 U.S.C. §1345, and its general equitable jurisdiction.

3.      Venue is proper in this District under 28 U.S.C. §1391 and 31 U.S.C. §3732(a).

4.      Pursuant to 31 U.S.C. § 3731(b)(1), a civil action under the FCA may be brought within six (6) years after the date on which the violations of §3729 were committed.  Even though the false claims that are at the core of this action were committed on or about April 27, 2011 to on or about September 2015, the parties agreed and executed successive Tolling Agreements on April 18, 2017; October 27, 2017; and April 27, 2018, pursuant to which the statute of limitations was effectively extended up until and including October 24, 2018.  Copy of the referred to Tolling Agreements are attached as Exhibit A, B, and C, respectively, and made part of this complaint.

### III.      PARTIES

5.      The Plaintiff is the United States of America, on behalf of the Social Security Administration ("SSA"), and of the Department of Health and Human Services ("HHS).

6.      Defendant, Américo Oms-Rivera ("Oms"), is of legal age, married and resident of Vista Point, #3420 Paseo Versátil, Ponce 00716.  Oms is a Psychiatrist, licensed to practice medicine in Puerto Rico, who operated several medical offices in Puerto Rico, where he treated patients at relevant period to this action, to wit: on or about April 2011 to on or about September 2015.

7.      Defendant, Darcy R. Pérez-Rivera ("Pérez") is of legal age, married to Américo Oms-Rivera and currently resides in Vista Point, #3420 Paseo Versátil, Ponce 00716.  Based on information and belief, at relevant periods to this claim, Pérez assisted Oms by taking on the duties of supervising, training and managing the staff at Oms medical office.

8.      The conjugal partnership established between Oms and Pérez is also named as a Defendant as it benefited from the proceeds of its constituents' fraudulent endeavors against the United States Government.

9.      X, Y and Z are natural or legal persons, acting on their own or organized as partnerships or corporate entities, be that as limited liability corporations, professional service

2

corporations, or in any other form permitted by law, whom we designate with fictitious names, as there true names are not known at present time.  X, Y and Z are jointly and severally responsible and may answer to the Plaintiff for aiding, abetting and/or causing fraudulent claims to be submitted to the United States Government for payment, or furthering the fraudulent conduct by concealing the scheme, proceeds or assets resulting of fraud.

## IV.     RELEVANT FACTS

### SOCIAL SECURITY ADMINISTRATION, DISABILITY INSURANCE BENEFIT

10.     Except as otherwise specifically noted, the allegations set forth below describe the Disability Insurance Benefits, as managed by the SSA, for the relevant period to this action, to wit: on or about April 2011 to on or about October 2013.

11.     The SSA is an agency of the United States that administers the Disability Insurance Benefits ("DIB") Program.  SSA provides DIB in the form of cash and other benefits to workers with severe, long-term disabilities, who have worked in Social Security-covered employment for the required length of time.  Spouses and dependent children of disabled workers may also be eligible to receive benefits.

12.     To qualify for DIB, an individual must not have reached full retirement age and must (1) meet the insured status requirements, (2) submit an application, (3) complete a 5-month waiting period, and (4) be under a disability as defined in the Social Security Act ("Act"), 42 U.S.C. §§ 416(i) and 423(d).  42 U.S.C. § 423; 20 C.F.R. § 404.315.

13.      As defined by the Act, the term "disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i) and 423(d).

14.     The onset date is the date at which the individual became unable to work as a result of a disabling condition, while the date of entitlement refers to the month that the individual becomes entitled to a disability benefit.

15.     Pursuant to SSA regulations, a DIB claimant must prove to SSA that he or she is disabled by furnishing medical and other evidence with the application.  SSA evaluates the application and evidence to determine the claimant's medical impairments and the effects of those impairments on the claimant's ability to work on a sustained basis.  20 C.F.R. § 404.1512(a).

16.      In determining whether a claimant is disabled, SSA considers the claimant's symptoms and medical evidence submitted.  Symptoms are the claimant's own statements of his or her physical or mental impairments or limitations.  SSA evaluates the claimant's symptoms, including pain, and the extent to which those symptoms are consistent with the objective medical evidence and other evidence.  In this process, SSA may consider statements made by the claimant about how the symptoms of his or her medical impairments affect activities of daily living and ability to work.  20 C.F.R. § 404.1529(a).

17.     SSA's initial determination of the claimant's eligibility for DIB directly depends upon the claimant and the physicians providing accurate, current and truthful information. Claimants and physicians are advised that criminal penalties exist for providing false statements and information to SSA.  The responsibility to provide accurate, current and truthful information continues even after SSA determines that the claimant is entitled to DIB, and thus becomes a DIB beneficiary.  20 C.F.R. § 404.1588(a).

## THE MEDICARE PROGRAM

18.     Except as otherwise specifically noted, the allegations set forth below describe the the Medicare program ("Medicare"), as managed by the United States Department of Health and Human Services ("HHS") through its executive component, the Center for Medicare and Medicaid

Services ("CMS"), for the relevant period to this action, to wit: on or about April 2011 to on or about September 2015.

19.     HHS administers Medicare, through CMS.  Medicare is a federal health care benefit program set forth in title XVIII of the Social Security Act, 42 U.S.C. §§1395 et seq., that provides medical insurance for covered services to qualified individuals.

20.     Medicare consists of four different parts. "Part A" of Medicare covers health services provided by hospitals, skilled nursing facilities, hospices and home health agencies.  "Part B" of the Medicare Program is a medical insurance program that covers, among other things, certain physician services, outpatient services, and other services, including face to face office visits.  "Part C" of Medicare, commonly referred to as Medicare Advantage (MA), provides beneficiaries with all of the services provided under Parts A and B (except hospice care), in addition to mandatory supplemental benefits and optional supplemental benefits.  "Part D" is an optional benefit that offers prescription drug coverage to everyone with Medicare.  Parts A, B and D, are not at issue here.

## MEDICARE BILLING PROCEDURE UNDER PART C

21.     Under Part C, beneficiaries enroll in a managed care plan administered by private health insurance companies or Medicare Advantage Plans, which are contracted by CMS.  Medical Card System ("MCS"), Triple-S Advantage ("SSS"), American Health Medicare ("AHM"), Medicare y Mucho Mas ("MMM"), Preferred Medicare Choice ("PMC"), Humana and First Medical (hereinafter will be collectively referred to as the "MA Plans"), are some of the entities contracted by CMS to provide managed care to beneficiaries under Part C.

22.     The above named MA Plans are risk-bearing entities, licensed or otherwise authorized by the State to assume risk for offering health insurance or health benefits coverage,

such that the entity is authorized to accept prepaid capitation for providing, arranging, or paying for comprehensive health services under an Medicare Advantage contract.

23.     As MA Plans, these are responsible of receiving, adjudicating and paying claims of authorized providers seeking reimbursements for the cost of health care benefits, items, or services provided to Medicare Part C beneficiaries.

24.     Physicians who perform medical services in connection with the Medicare program apply for and if approved, are assigned a "number".  The number allow the physicians to submit bills, commonly referred to as "claims", for payment to Medicare, through MA Plans, in order to seek reimbursement for medical services that they had provided to Medicare Part C beneficiaries.

25.     In order to receive payment from Medicare through the MA Plans, a physician is required to submit a health insurance claim form, known as Form HCFA-1500 ("HCFA 1500") wherein the physician certifies that the claims are true, correct, complete and that the form was prepared in compliance with the laws and regulations governing the Medicare program. Physicians further certify that the services billed were medically necessary and were in fact provided as billed.

26.     The authorized participating physicians may submit claims for payment either electronically or in hard copy, as allowed by the MA Plans.  Each claim form required certain important information, including:

     a.  the supplier's Medicare identification number;

     b.  the Medicare beneficiary's  name, address, and date of birth;

     c.  the Medicare beneficiary's  identification number;

     d.   the name and identification number of the physician who ordered the item or service;

     e.  the health care products, items, or services supplied to the beneficiary;

      f.   the applicable Medicare billing codes for these products, or services;

      g.   the date of service; and

      h.   the diagnosis.

27.    For Medicare billing purposes and for all times relevant to this case, physician services provided to beneficiaries were identified by a Current Procedural Terminology ("CPT") code. The following are CPT codes for Office or Other Outpatient Services for an Established Patient, which require a face to face encounter:

      a.   99213: Office or other outpatient visit for the evaluation and management of an established patient, which requires at least 2 of these 3 key components: an expanded problem focused history; an expanded problem focused examination; medical decision making of low complexity.

      b.   90833: Individual psychotherapy, 30 minutes with the patient or family member.

      c.   90792: Psychiatric Diagnostic Examination with medical services.

      d.   90805: Individual Psychotherapy in an office or outpatient facility, approximately 10 to 30 minutes face-to-face with patient.

      e.   90862: Pharmacologic Management, including prescription, use and review of medication with no more than minimal medical psychotherapy.

      f.   90836: Individual psychotherapy, insight oriented, behavior modifying and/or supportive, 45 minutes with the patient and/or family member (time range 38-52 minutes), when performed with an evaluation and management service.

      g.   99201: New patients, Pharmacologic management, including prescription, use and review of medication with no more than minimal medical psychotherapy.

      h.   99214: Office or other outpatient visit for the evaluation and management of an established patient, which requires at least two of these three key components: a detailed history, a detailed examination and medical decision making of moderate complexity

      i.   99212: Office or other outpatient visit for the evaluation and management of an established patient, which requires at least 2 of these 3 key components: a problem focused history; a problem focused examination; straightforward medical decision making.

j.       90807: Evaluation and management plus psychotherapy

k.       99203: Office or other outpatient visit for the evaluation and management of a new patient, which requires these three components: a detailed history; a detailed examination; medical decision making of low complexity.

## V.     THE SOCIAL SECURITY ADMINISTRATION'S FINDINGS

28.     Plaintiff incorporates and re-alleges paragraphs 10 through 17 as if fully set forth herein.

29.     The SSA-Office of the General Counsel (OGC) conducted a review, data analysis and investigation of applications for benefits submitted to the DIB program, for a period that included the years 2010 through 2013, by applicants who claimed to suffer disabling conditions, with the support of purported medical reports prepared by Oms.

30.     This review, analysis and subsequent investigation uncovered that Oms, with the assistance of others, knowingly made or caused to be made false statements in support of claims for SSA DIB program funds.

31.     Relevant to this claim, the investigation revealed that from on or about April 2011, through on or about October 2013, Oms, with the assistance of others, supported, submitted, and caused to be submitted false claims to the DIB program, by creating and submitting fictitious and fraudulent medical reports, and by resorting to the use of a template report, copying word for word the medical information within a number of patient's records, crediting the existence of a disabling condition, deceiving the SSA into approving payment of benefits.

32.     The investigation also revealed that in some instances, Oms, with the assistance of others not charged herein, fraudulently created the appearance of an extended medical treatment of DIB applicants for alleged mental conditions.

33.     As part of the means and manners of the scheme to defraud, Oms and others, would charge a fee to a DIB applicant for the submission of fraudulent Psychiatric Medical Reports to

the SSA. In other instances, a fee would also be charged for the deceitful backdating of his/her medical file, by creating fictitious medical appointments and progress notes that never took place.

34. At times relevant to this claim, Co-defendant Pérez, among others, trained, and on occasions, supervised staff at Oms' medical offices, in the deceitful practice of backdating medical files of supposed patients and applicants for DIB benefits, by creating fictitious medical appointments and progress notes.

35. Oms, co-defendant Pérez, and others not charged herein, derived financial gain and profit from their accord to scheme and conspire in order to defraud the United States and/or its agents of monies to be used on the government's behalf or to advance a government interest.

## VI. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES' (HHS) FINDINGS

36. Plaintiff incorporates and re-alleges paragraphs 18 through 27 as if fully set forth herein.

37. The HHS-Office of the Inspector General (OIG) conducted a post payment medical review, data analysis and investigation of claims submitted by Oms to MA Plans, for services and claims processed and paid for a period of several years, which included the years 2012 through 2015.

38. This review, analysis and subsequent investigation uncovered that Oms, with the assistance of others, knowingly made or caused to be made false statements in support of claims for Medicare program funds, through submissions of HCFA 1500 to MA Plans, for services not rendered.

39. The investigation revealed that Oms, with the assistance of others, billed and caused bills to be submitted, for false and fraudulent claims for services, including purporting to have conducted face-to-face office visits and evaluations, at times when he was in international travels. Approximately three-hundred and nine (309) false and fraudulent claims were submitted for

payment, for the alleged delivery of health care benefits, items or services that correspond to the CPT codes listed in paragraph 27 above.

## VII.    FIRST CLAIM FOR RELIEF
### False Claims Act 31 U.S.C. §3729(a)(1)

40.     This is a claim for treble damages and civil monetary penalties under the False Claims Act (FCA), 31 U.S.C. §3729(a)(1).

41.     Paragraphs 10 through 17, and 28 through 35 of this Complaint are hereby re-alleged and incorporated as though fully set forth herein.

42.     By virtue of the acts described above, defendants knowingly presented and caused to be presented to the United States, false and fraudulent claims for payment and approval to the SSA-DIB.

43.     As a result of Defendants' submissions of false and fraudulent claims, the United States paid a total of approximately TWO MILLIONS, THREE HUNDRED SIXTY THOUSANDS, TWO HUNDRED SEVENTY ONE DOLLARS ($2,360,271.00) in benefits that it would not have otherwise paid.

## VIII.   SECOND CLAIM FOR RELIEF
### False Claims Act 31 U.S.C. §3729(a)(1)

44.     This is a claim for treble damages and civil monetary penalties under the False Claims Act (FCA), 31 U.S.C. §3729(a)(1).

45.     Paragraphs 10 through 17, and 28 through 35 of this Complaint are hereby re-alleged and incorporated as though fully set forth herein.

46.     By virtue of the acts described above, defendants knowingly made, used and caused to be made and used false records or statements to induce the United States to pay for false claims submitted for payment to the SSA-DIB.

47.     As a result of Defendants' submission of false and fraudulent claims, as stated in paragraph 46, the United States paid approximately TWO MILLIONS, THREE HUNDRED SIXTY THOUSANDS, TWO HUNDRED SEVENTY ONE DOLLARS ($2,360,271.00) in false and fraudulent claims that it would not have otherwise paid.

## IX.     THIRD CLAIM FOR RELIEF
## False Claims Act 31 U.S.C. §3729(a)(1)

48.     This is a claim for civil monetary penalties under the False Claims Act (FCA), 31 U.S.C. §3729(a)(1).

49.     Paragraphs 18 through 27, and 36 through 39 of this Complaint are hereby re-alleged and incorporated as though fully set forth herein.

50.     By virtue of the acts described above, defendants knowingly presented and caused to be presented to the United States, false and fraudulent claims for payment and approval to the Medicare Trust Fund, by way of the MA Plans.

51.     As part of their scheme to defraud, Oms and others, submitted and caused to be submitted approximately three-hundred and nine (309) claims for payment to the MA Plans, for the alleged delivery of health care benefits, items or services that correspond to the CPT codes listed in paragraph 27 above, when such services were never rendered.

52.     Under the FCA, a "claim" includes requests for money presented to agents of the United States or to a contractor, grantee or other recipient, if the money is to be used on the government's behalf or to advance a government interest, as long as the United States provided any portion of the money requested.

53.     Each of these false statements constitute a unique claim of provider fraud on a managed care organization, for which a civil monetary penalty must be assigned, as allowed by law in an amount ranging from $5,500.00 to $11,000.00 each.

## X.    FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

54.     This is an action to recover monies by which defendants have been unjustly enriched.

55.     Paragraphs 1 through 39 of this Complaint are hereby re-alleged and incorporated as though fully set forth herein.

56.     Due to the foregoing improper activities, the United States paid SSA-DIB and Medicare funds, by which the defendants have been unjustly enriched.

57.     Because of these payments, the United States is entitled to the return of such monies, by which defendants have been unjustly enriched in an estimated amount of not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00).

## XI.    FIFTH CLAIM FOR RELIEF
### Collection of Money

58.     This is an action to recover monies by which defendants have been unjustly enriched.

59.     Paragraphs 1 through 39 of this Complaint are hereby re-alleged and incorporated as though fully set forth herein.

60.     Due to the foregoing improper activities, the United States has an action to collect and be reimbursed for any amounts wrongfully paid that are due and payable by Oms, Pérez, the conjugal partnership comprised between them, and/or any unidentified person, be that natural or legal, who has acted on their own or organized as partnerships or corporate entities, be that as limited liability corporations, professional service corporations, or in any other form permitted by law, for aiding, abetting and/or causing fraudulent claims to be submitted to the United States government for payment, or furthering the fraudulent conduct by concealing the scheme, proceeds or assets resulting of fraud.

## XII.   PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that judgment be entered in its favor and against the defendants as follows:

A.      On the First and Second Claims for Relief, judgment against the defendants for treble the damages sustained by Plaintiff to the SSA-DIB program, that is three times TWO MILLIONS, THREE HUNDRED SIXTY THOUSANDS, TWO HUNDRED SEVENTY ONE DOLLARS ($2,360,271.00), which amounts to SEVEN MILLIONS, EIGHTY THOUSANDS, EIGHT HUNDRED THIRTEEN DOLLARS ($7,080,813.00), plus penalties as allowed by law, ranging from $5,500.00 to $11,000.00, for each false claim or statement and costs; and

B.      On the Third Claim for Relief, judgment against the Defendants for civil monetary penalties, as allowed by law, ranging from $5,500.00 to $11,000.00, for each of the three hundred and nine (309) unique claims to the Medicare program, which amounts to ONE MILLION, SIX HUNDRED NINTY NINE THOUSANDS, FIVE HUNDRED DOLLARS ($1,699,500.00) up to THREE MILLIONS, THREE HUNDRED NINTY NINE THOUSANDS DOLLARS ($3,399,000.00), to be fixed at the discretion of the Court; or

C.      On the Fourth and Fifth Claims for Relief, judgment against the defendants for the damages sustained by Plaintiff in an amount estimated at no less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00), plus Plaintiff's request for pre and post judgment, interest, and costs; and/or

D.      For such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, this ___ day of October of 2018.

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

_**s/Rafael J. López-Rivera**_
Rafael J. López-Rivera
Assistant United States Attorney
USDC-PR No. 221213
UNITED STATES ATTORNEY'S OFFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number: (787)766-5656
Facsimile: (787)766-6219
rafael.j.lopez@usdoj.gov

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
AMERICO OMS-RIVERA, DARCY R. PEREZ-RIVERA, THE CONJUGAL PARTNERSHIP BETWEEN THEM, and CORPORATIONS and/or INDIVIDUALS X, Y and Z

**(b)** County of Residence of First Listed Plaintiff    USA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Ponce, PR
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RAFAEL J. LOPEZ
Assistant United States Attorney
United States Attorneys Office

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☒ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31USC § 3729; 42 USC § 416 et seq; 42 U.S.C. § 423
Brief description of cause:
False Claims Act; General provisions;Public Health and Welfare

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    **DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE    JAG    DOCKET NUMBER    16-483

DATE
10/23/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ Rafael J. Lopez

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

Case 3:18-cv-01798   Document 1-1   Filed 10/23/18   Page 2 of 2

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI): Lopez, Rafael J.

USDC-PR Bar Number: 221213

Email Address: rafael.j.lopez@usdoj.gov

1. Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff: United States of America

   Defendant:

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case

   ☐ Social Security

   ☐ Banking

   ☐ Injunction

3. Indicate the title and number of related cases (if any).

   16-483(JAG)

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6. Does this case question the constitutionality of a state statute? (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted: 10/23/18

rev. Dec. 2009

Print Form    Reset Form

## TOLLING AGREEMENT

THIS TOLLING AGREEMENT ("Agreement") is made and is effective this April 13, 2017, by and between Américo Oms Rivera, MD and Darcy Raquel Pérez Rivera (hereinafter, "Oms" and "Pérez"), represented by their respective legal counsels, Sonia Torres, Esq. and Raúl S. Mariani-Franco, Esq., and the Office of the General Counsel for the Social Security Administration (SSA-OGC) and the Office of the Inspector General of the U.S. Department Health and Human Services (HHS-OIG), by and through the United States of America (hereinafter, referred to collectively as the "United States"), represented by Assistant United States Attorney, Rafael J. López Rivera. Each of the parties identified above will be referred to individually as a "Party" or collectively as "the Parties."

## RECITALS

WHEREAS, Oms and Pérez have been informed that the United States and its agencies, the SSA-OGC and HHS-OIG, assert to have certain civil causes of action and administrative claims against Oms and Pérez under the False Claims Act, 31 U.S.C. §§ 3729 et seq., other statutes and regulations, equity, or the common law.

WHEREAS, the United States asserts that the claims arise from at least 2010 through 2013, when Oms and Pérez fraudulently assisted individuals to enroll in the Disability Insurance Benefit (DIB) Program administered by the Social Security Administration, by misrepresenting core eligibility requirements. Specifically, Oms resorted to use a template report, copying word for word, the medical information within a number of patients' records so these could fraudulently obtain disability benefits. This resulted in a considerable amount of unique claims submitted in violation of Title 42 of the United States Code, Section 408 and corresponding regulations. Furthermore, the United States asserts that Oms knowingly submitted bills to the Medicare program for medical services performed under Dr. Oms' identifier while he was away on travels outside of our jurisdiction (the "Alleged Claims").

WHEREAS, the parties have entered into discussions with the United States in connection with the Alleged Claims with the objective of exploring the possibility of reaching an out of court settlement;

WHEREAS, the Tolling Period of this agreement (this "Agreement") shall run from the Effective Date of this Agreement through and including the Termination Date described in paragraph 2 below;

NOW, THEREFORE, as consideration for the United States not filing, or asserting claims in, a civil action against Oms and Pérez under the False Claims Act, 31 U.S.C. §§ 3729 et seq., on or before April 27, 2017, the United States (through the undersigned authorized counsel) and Oms and Pérez agree that:

[INTENTIONALLY LEFT BLANK]

1

## AGREEMENTS

1.

The running of any and all applicable statutes of limitations, repose, or other defenses or limitations under the laws of the United States or the laws of any other applicable jurisdiction with respect to the Alleged Claims, shall be tolled from the Effective Date of this Agreement through and including the Termination Date described in paragraph 2 below (the "Tolling Period"). The time between the Effective Date and the termination of this Agreement shall not be included in computing any statute of limitations for causes of action relating to the Alleged Claims, nor will that time period be considered in connection with any defense of laches or any other time-based doctrine or defense, rule, law or statute otherwise limiting any party's right to preserve and prosecute any of the Alleged Claims or defenses to the Alleged Claims. Nothing in this Agreement shall have the effect of reviving any causes of action that are now otherwise barred by any statute of limitations or repose or similar rule of law or equity prior to the Effective Date.

2.

This Agreement is effective as of **April 27, 2017** (the "Effective Date").

This Agreement shall terminate on **October 27, 2017** (the "Termination Date"). Until the end of that day, this Agreement and the tolling of (a) any applicable statute of limitations and (b) any defense or limitation as set forth in paragraph 1, above, shall remain in full force and effect. If necessary, the parties are open to renegotiate an extension of the Tolling Period.

3.

Any notices or communications pursuant to this Agreement shall be sent to the following representatives of the parties via overnight mail or email:

| If to the United States: | United States Attorney's Office<br>c/o AUSA Rafael J. López Rivera<br>Torre Chardon, Suite 1201<br>350 Chardon Street<br>San Juan, PR  00918 |
| --- | --- |
| If to Oms: | Sonia Torres, Esq.<br>MCS Plaza, Suite 1200<br>255 Ponce de León Ave.<br>San Juan, PR 00917 |
| If to Pérez: | Raúl S. Mariani-Franco, Esq.<br>P.O. Box 9022864<br>San Juan, PR, 00902-2864 |

2

4.

No party by entering into this Agreement waives any causes of action, claims, rights, or defenses, nor releases any other party, except as limited by Paragraphs 1 and 2, above. Each party reserves as against any other party all causes of action, claims, rights, remedies, and defenses which may exist now or in the future as provided for by law, equity, or otherwise, except as otherwise limited by Paragraphs 1 and 2, above.

5. No Admissions.

Nothing in this Agreement is intended as, shall constitute, or be used as evidence of an admission by any party of any wrongdoing, liability, or fault, a waiver of any right or defense, an estoppel, or an admission as to any matter of law or fact, either as among the parties or with respect to any person or entity not a party to this Agreement. Any right or defense is subject to and limited by Paragraphs 1 and 2, above.

6.

This Agreement contains the entire agreement between the parties with respect to its subject matter, and no statement, promise, or inducement made by any of the parties or agent of the parties that is not contained in this Agreement shall be valid or binding. This Agreement shall not be modified except in writing signed by the parties.

7.

This Agreement may be signed in counterparts and sent to the other parties by facsimile or emailed .pdf, which shall have the same force and effect as an original signature.

8.

This Agreement shall be binding upon and inure to the benefit of the parties, their predecessors, successors, and assigns, if any. The parties shall not challenge the legitimacy of this in any future legal action arising from or relating to the Agreement, or after the filing of any complaint.

9.

Prior to the Termination Date, parties will engage in good faith negotiations in trying to reach a settlement agreement. The United States, however, shall be entitled to commence, move to intervene or join any lawsuit against Dr. Américo Oms and/or Darcy Raquel Pérez Rivera asserting the Alleged Claims, prior to the Termination Date, if Oms and Pérez do not show a reasonable degree of certainty that a settlement is viable.

10.

The individual signatories to this Agreement on behalf of each party represent and warrant that each is fully authorized to do so by their respective parties. Each counsel or individual signatory executing this Agreement represents and warrants that he/she has been duly authorized

3

as a signatory to enter into this Agreement on behalf of said party and that the signatory has full and complete power from each party to do so.

11. Governing Law.

This Agreement shall be governed by any applicable federal law, as the United States has not waived sovereign immunity, unless applicable federal statutes mandate that state law apply in these matters.

DATED: 04/12/17

DR. AMERICO OMS RIVERA

DATED: April 12, 2017

SONIA TORRES, ESQ.

DATED: April 12, 2017

DARCY RAQUEL PEREZ-RIVERA

DATED: April 18, 2017

RAUL MARIANI FRANCO, ESQ.

DATED: April 18, 2017

UNITED STATES OF AMERICA
On behalf of SSA and HHS-OIG
AUSA Rafael J. López Rivera

[INTENTIONALLY LEFT BLANK]

4

## TOLLING AGREEMENT

THIS TOLLING AGREEMENT ("Agreement") is made and is effective this October 27, 2017, by and between Américo Oms Rivera, MD and Darcy Raquel Pérez Rivera (hereinafter, "Oms" and "Pérez"), represented by their respective legal counsels, Sonia Torres, Esq. and Raúl S. Mariani-Franco, Esq.,  and the Office of the General Counsel for the Social Security Administration (SSA-OGC) and the Office of the Inspector General of the U.S. Department Health and Human Services (HHS-OIG), by and through the United States of America (hereinafter, referred to collectively as the "United States"), represented by Assistant United States Attorney, Rafael J. López Rivera.  Each of the parties identified above will be referred to individually as a "Party" or collectively as "the Parties."

### RECITALS

WHEREAS, Oms and Pérez have been informed that the United States and its agencies, the SSA-OGC and HHS-OIG, assert to have certain civil causes of action and administrative claims against Oms and Pérez under the False Claims Act, 31 U.S.C. §§ 3729 et seq., other statutes and regulations, equity, or the common law.

WHEREAS, the United States asserts that the claims arise from at least 2010 through 2013, when Oms and Pérez fraudulently assisted individuals to enroll in the Disability Insurance Benefit (DIB) Program administered by the Social Security Administration, by misrepresenting core eligibility requirements.  Specifically, Oms resorted to use a template report, copying word for word, the medical information within a number of patients' records so these could fraudulently obtain disability benefits.  This resulted in a considerable amount of unique claims submitted in violation of Title 42 of the United States Code, Section 408 and corresponding regulations. Furthermore, the United States asserts that Oms knowingly submitted bills to the Medicare program for medical services performed under Dr. Oms' identifier while he was away on travels outside of our jurisdiction (the "Alleged Claims").

WHEREAS, the parties have entered into discussions with the United States in connection with the Alleged Claims with the objective of exploring the possibility of reaching an out of court settlement;

WHEREAS, the Tolling Period of this agreement (this "Agreement") shall run from the Effective Date of this Agreement through and including the Termination Date described in paragraph 2 below;

NOW, THEREFORE, as consideration for the United States not filing, or asserting claims in, a civil action against Oms and Pérez under the False Claims Act, 31 U.S.C. §§ 3729 et seq., on or before **October 27, 2017**, the United States (through the undersigned authorized counsel) and Oms and Pérez agree that:

[INTENTIONALLY LEFT BLANK]

## AGREEMENTS

1. Tolling of Statute of Limitations.

The running of any and all applicable statutes of limitations, repose, or other defenses or limitations under the laws of the United States or the laws of any other applicable jurisdiction with respect to the Alleged Claims, shall be tolled from the Effective Date of this Agreement through and including the Termination Date described in paragraph 2 below (the "Tolling Period"). The time between the Effective Date and the termination of this Agreement shall not be included in computing any statute of limitations for causes of action relating to the Alleged Claims, nor will that time period be considered in connection with any defense of laches or any other time-based doctrine or defense, rule, law or statute otherwise limiting any party's right to preserve and prosecute any of the Alleged Claims or defenses to the Alleged Claims. Nothing in this Agreement shall have the effect of reviving any causes of action that are now otherwise barred by any statute of limitations or repose or similar rule of law or equity prior to the Effective Date.

2. Term of Agreement.

This Agreement is effective as of **October 27, 2017** (the "Effective Date").

This Agreement shall terminate on **April 27, 2018** (the "Termination Date"). Until the end of that day, this Agreement and the tolling of (a) any applicable statute of limitations and (b) any defense or limitation as set forth in paragraph 1, above, shall remain in full force and effect. If necessary, the parties are open to renegotiate an extension of the Tolling Period.

3. Notice/Communications.

Any notices or communications pursuant to this Agreement shall be sent to the following representatives of the parties via overnight mail or email:

If to the United States:  United States Attorney's Office
c/o AUSA Rafael J. López Rivera
Torre Chardon, Suite 1201
350 Chardon Street
San Juan, PR  00918
rafael.j.lopez@usdoj.gov

If to Oms:  Sonia Torres, Esq.
MCS Plaza, Suite 1200
255 Ponce de León Ave.
San Juan, PR 00917
storres@melendeztorreslaw.com

If to Pérez:  Raúl S. Mariani-Franco, Esq.
P.O. Box 9022864
San Juan, PR, 00902-2864
marianifrancolaw@gmail.com

2

4. Reservation of Rights and Waiver.

No party by entering into this Agreement waives any causes of action, claims, rights, or defenses, nor releases any other party, except as limited by Paragraphs 1 and 2, above. Each party reserves as against any other party all causes of action, claims, rights, remedies, and defenses which may exist now or in the future as provided for by law, equity, or otherwise, except as otherwise limited by Paragraphs 1 and 2, above.

5. No Admissions.

Nothing in this Agreement is intended as, shall constitute, or be used as evidence of an admission by any party of any wrongdoing, liability, or fault, a waiver of any right or defense, an estoppel, or an admission as to any matter of law or fact, either as among the parties or with respect to any person or entity not a party to this Agreement. Any right or defense is subject to and limited by Paragraphs 1 and 2, above.

6. Entire Agreement and Modification.

This Agreement contains the entire agreement between the parties with respect to its subject matter, and no statement, promise, or inducement made by any of the parties or agent of the parties that is not contained in this Agreement shall be valid or binding. This Agreement shall not be modified except in writing signed by the parties.

7. Execution of Counterparts.

*This Agreement may be signed in counterparts and sent to the other parties by facsimile or emailed .pdf, which shall have the same force and effect as an original signature.*

8. Binding Effect.

This Agreement shall be binding upon and inure to the benefit of the parties, their predecessors, successors, and assigns, if any. The parties shall not challenge the legitimacy of this Agreement in any future legal action arising from or relating to the Agreement, or after the filing of any complaint.

9. Negotiation prior to Suit

Prior to the Termination Date, parties will engage in good faith negotiations in trying to reach a settlement agreement. The United States, however, shall be entitled to commence, move to intervene or join any lawsuit against Dr. Américo Oms and/or Darcy Raquel Pérez Rivera asserting the Alleged Claims, prior to the Termination Date, if Oms and Pérez do not show a reasonable degree of certainty that a settlement is viable.

10. Authority to Bind.

The individual signatories to this Agreement on behalf of each party represent and warrant that each is fully authorized to do so by their respective parties. Each counsel or individual signatory executing this Agreement represents and warrants that he/she has been duly authorized

3

as a signatory to enter into this Agreement on behalf of said party and that the signatory has full and complete power from each party to do so.

11. Governing Law.

This Agreement shall be governed by any applicable federal law, as the United States has not waived sovereign immunity, unless applicable federal statutes mandate that state law apply in these matters.

DATED: _____

DR. AMÉRICO OMS RIVERA

DATED: _____

SONIA TORRES, ESQ.

DATED: _____

DARCY RAQUEL PEREZ RIVERA

DATED: _____

RAUL MARIANI FRANCO, ESQ.

DATED: _____

UNITED STATES OF AMERICA
On behalf of SSA and HHS-OIG
AUSA Rafael J. López Rivera

[INTENTIONALLY LEFT BLANK]

4

## TOLLING AGREEMENT

THIS TOLLING AGREEMENT ("Agreement") is made and is effective this April 27, 2018 by and between Américo Oms Rivera, MD and Darcy Raquel Pérez Rivera (hereinafter, "Oms" and "Pérez"), represented by their respective legal counsels, Sonia Torres, Esq. and Raúl S. Mariani-Franco, Esq., and the Office of the General Counsel for the Social Security Administration (SSA-OGC) and the Office of the Inspector General of the U.S. Department Health and Human Services (HHS-OIG), by and through the United States of America (hereinafter, referred to collectively as the "United States"), represented by Assistant United States Attorney, Rafael J. López Rivera. Each of the parties identified above will be referred to individually as a "Party" or collectively as "the Parties."

## RECITALS

WHEREAS, Oms and Pérez have been informed that the United States and its agencies, the SSA-OGC and HHS-OIG, assert to have certain civil causes of action and administrative claims against Oms and Pérez under the False Claims Act, 31 U.S.C. §§ 3729 et seq., other statutes and regulations, equity, or the common law.

WHEREAS, the United States asserts that the claims arise from at least 2010 through 2013, when Oms and Pérez fraudulently assisted individuals to enroll in the Disability Insurance Benefit (DIB) Program administered by the Social Security Administration, by misrepresenting core eligibility requirements. Specifically, Oms resorted to use a template report, copying word for word, the medical information within a number of patients' records so these could fraudulently obtain disability benefits. This resulted in a considerable amount of unique claims submitted in violation of Title 42 of the United States Code, Section 408 and corresponding regulations. Furthermore, the United States asserts that Oms knowingly submitted bills to the Medicare program for medical services performed under Dr. Oms' identifier while he was away on travels outside of our jurisdiction (the "Alleged Claims").

WHEREAS, the parties have entered into discussions with the United States in connection with the Alleged Claims with the objective of exploring the possibility of reaching an out of court settlement;

WHEREAS, the Tolling Period of this agreement (this "Agreement") shall run from the Effective Date of this Agreement through and including the Termination Date described in paragraph 2 below;

NOW, THEREFORE, as consideration for the United States not filing, or asserting claims in, a civil action against Oms and Pérez under the False Claims Act, 31 U.S.C. §§ 3729 et seq., on or before April 27, 2018, the United States (through the undersigned authorized counsel) and Oms and Pérez agree that:


## [INTENTIONALLY LEFT BLANK]

1

## AGREEMENTS

### 1. Tolling of Statute of Limitations.

The running of any and all applicable statutes of limitations, repose, or other defenses or limitations under the laws of the United States or the laws of any other applicable jurisdiction with respect to the Alleged Claims, shall be tolled from the Effective Date of this Agreement through and including the Termination Date described in paragraph 2 below (the "Tolling Period"). The time between the Effective Date and the termination of this Agreement shall not be included in computing any statute of limitations for causes of action relating to the Alleged Claims, nor will that time period be considered in connection with any defense of laches or any other time-based doctrine or defense, rule, law or statute otherwise limiting any party's right to preserve and prosecute any of the Alleged Claims or defenses to the Alleged Claims. Nothing in this Agreement shall have the effect of reviving any causes of action that are now otherwise barred by any statute of limitations or repose or similar rule of law or equity prior to the Effective Date.

### 2. Term of Agreement.

This Agreement is effective as of April 27, 2018 (the "Effective Date").

This Agreement shall terminate on October 24, 2018 (the "Termination Date"). Until the end of that day, this Agreement and the tolling of (a) any applicable statute of limitations and (b) any defense or limitation as set forth in paragraph 1, above, shall remain in full force and effect. If necessary, the parties are open to renegotiate an extension of the Tolling Period.

### 3. Notice/Communications.

Any notices or communications pursuant to this Agreement shall be sent to the following representatives of the parties via overnight mail or email:

If to the United States:
United States Attorney's Office
c/o AUSA Rafael J. López Rivera
Torre Chardon, Suite 1201
350 Chardon Street
San Juan, PR 00918
rafael.j.lopez@usdoj.gov

If to Oms:
Sonia Torres, Esq.
MCS Plaza, Suite 1200
255 Ponce de León Ave.
San Juan, PR 00917
storres@melendeztorreslaw.com

If to Pérez:
Raúl S. Mariani-Franco, Esq.
P.O. Box 9022864
San Juan, PR, 00902-2864
marianifrancolaw@gmail.com

2

### 4. Reservation of Rights and Waiver.

No party by entering into this Agreement waives any causes of action, claims, rights, or defenses, nor releases any other party, except as limited by Paragraphs 1 and 2, above. Each party reserves as against any other party all causes of action, claims, rights, remedies, and defenses which may exist now or in the future as provided for by law, equity, or otherwise, except as otherwise limited by Paragraphs 1 and 2, above.

### 5. No Admissions.

Nothing in this Agreement is intended as, shall constitute, or be used as evidence of an admission by any party of any wrongdoing, liability, or fault, a waiver of any right or defense, an estoppel, or an admission as to any matter of law or fact, either as among the parties or with respect to any person or entity not a party to this Agreement. Any right or defense is subject to and limited by Paragraphs 1 and 2, above.

### 6. Entire Agreement and Modification.

This Agreement contains the entire agreement between the parties with respect to its subject matter, and no statement, promise, or inducement made by any of the parties or agent of the parties that is not contained in this Agreement shall be valid or binding. This Agreement shall not be modified except in writing signed by the parties.

### 7. Execution of Counterparts.

This Agreement may be signed in counterparts and sent to the other parties by facsimile or emailed .pdf, which shall have the same force and effect as an original signature.

### 8. Binding Effect.

This Agreement shall be binding upon and inure to the benefit of the parties, their predecessors, successors, and assigns, if any. The parties shall not challenge the legitimacy of this Agreement in any future legal action arising from or relating to the Agreement, or after the filing of any complaint.

### 9. Negotiation prior to Suit.

Prior to the Termination Date, parties will engage in good faith negotiations in trying to reach a settlement agreement. The United States, however, shall be entitled to commence, move to intervene or join any lawsuit against Dr. Américo Oms and/or Darcy Raquel Pérez Rivera asserting the Alleged Claims, prior to the Termination Date, if Oms and Pérez do not show a reasonable degree of certainty that a settlement is viable.

### 10. Authority to Bind.

The individual signatories to this Agreement on behalf of each party represent and warrant that each is fully authorized to do so by their respective parties. Each counsel or individual signatory executing this Agreement represents and warrants that he/she has been duly authorized

3

as a signatory to enter into this Agreement on behalf of said party and that the signatory has full and complete power from each party to do so.

11. Governing Law.

This Agreement shall be governed by any applicable federal law, as the United States has not waived sovereign immunity, unless applicable federal statutes mandate that state law apply in these matters.


DATED: 1/16/2018

DR. AMERICO OMS RIVERA


DATED: 4/17/18

SONIA TORRES, ESQ.


DATED: 7/16/2018

DARCY RAQUEL PEREZ RIVERA


DATED: 7/17/18

RAUL MARIANI FRANCO, ESQ.


DATED: 4/17/18

UNITED STATES OF AMERICA
On behalf of SSA and HHS-OIG
AUSA Rafael J. López Rivera


[INTENTIONALLY LEFT BLANK]